THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ BÁIZ MIRÓ, Defendant and Appellant.

No. 10267.   Argued January 15, 1944.—Decided February 9, 1944.

*Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Two charges of attempt to commit murder were brought against the appellant. Since the offenses took place at the same time and as a result of the same struggle, both cases were heard and tried on the same evidence. He was found guilty of attempt to commit murder in one case and of assault and battery in the other, and sentenced to four years in the

penitentiary at hard labor and six months in jail, without costs, respectively.

█ The only error assigned by the appellant is that the trial judge gave the following instruction:

·"The theory of the defense, as we have heard, is self-defense. Any person who, as a general rule, is assaulted without reason, has the right of self-defense, that is, the right to repel said assault to which he was unjustifiedly subjected, with all the force necessary to repel the same. Under normal circumstances, a blow on the face justifies another blow in self-defense, if the first one was unjust. However, the circumstances may be unusual. In his testimony the defendant did not state that he was in fear of losing his life at any time, and neither did he state that he feared being caused serious bodily harm; he did not state why he had used the knife; he testified that Juan Ramos had seized him by one arm and that Pedro Cruz had struck him. Now, if the defendant was not to blame and if, due to the manner in which, according to him, Juan Ramos and Pedro Cruz acted, he really felt that he was in imminent danger of death, or of being inflicted serious bodily harm, then he had a right to use whatever means he needed to avoid said death or serious bodily injury."

The appellant argues that that instruction is erroneous because it conveyed the wrong impression to the jury, in that the defendant could only invoke self-defense if he testified that when he assaulted the victim he was in fear of losing his life or of being caused serious bodily injury.

That instruction, if considered independently, is erroneous in so far as the point argued by the defendant is concerned, because there could be a showing of such fear from the facts of the case and still the defendant was not bound to testify about the same; but said instruction was invalidated by the special instruction which the defendant asked the judge to give to the jury, to wit:

"By petition of the defense, I enlarge on my instructions, and instruct you, Gentlemen of the Jury, that in order that you may decide whether the defendant had reasonable fear of being inflicted with serious bodily injury, it is not necessary that he should testify

that he had such fear; 'the Jury may decide whether he had that fear justifiedly from the circumstances appearing from the evidence introduced.''

The appellant further urges that the judge prejudiced his rights substantially in erroneously stating to the jury that the defendant had failed to state why he had made use of the knife with which he committed the offense.

It is true that the judge erroneously made that statement to the jury, but by it he caused no prejudice to the defendant inasmuch as previously while reciting a summary of the evidence introduced by both parties, and referring to that of the accused, when he was explaining to the jury the description of the fight as testified to by the defendant, he said that the latter had stated that Juan Ramos had seized him forcibly by one arm and by the neck, and while he was thus seized, Pedro Cruz came and struck him on the neck; ''that then Vilanova got up and was about to jump on him and then the defendant, while Juan Ramos had seized him by the left arm, took out the jack-knife which he carried in the right rear pocket of his trousers, opened it and cut Vilanova, and when he opened his knife Pedro Cruz left him; that Juan Ramos did not let go of him and that after he had wounded Vilanova then Juan Ramos let him loose and then Pedro Cruz came, jumped on him and then the defendant cut Pedro Cruz and wounded him on the side.'' This detailed explanation which the judge gave to the jury as to what the defendant had testified to with regard to the question now raised, in addition to the fact that the jury heard the defendant testify to the same effect, precluded the jury from believing that the defendant had not stated why he made use of the knife. Undoubtedly, the judge erred, but it has not been proved that he prejudiced the defendant substantially in his rights.

For the reasons stated the judgment appealed from must be affirmed.